1  **TERRY A. DAKE, LTD.**
   **P.O. Box 26945**
2  **Phoenix, Arizona  85068-6945**
   **Telephone: (602) 710-1005**
3  **tdake@cox.net**

4  **Terry A. Dake - 009656**

5  Attorney for Trustee

6            **IN THE UNITED STATES DISTRICT COURT**

7            **FOR THE DISTRICT OF ARIZONA**

8  In The Matter Of:                )        **No. 2:23-cv-00504-DWL**
                                     )
9  Johnie Lee Nance,                 )
                                     )        Case No. 0:22-bk-03483-SHG
10                                    )
                                     )        Adv. No. N/A
11                    Debtor.         )
   _____  )
12                                    )
   Lawrence J.  Warfield, Trustee,   )
13                                    )
             Appellant,              )        **Appellant's Opening Brief**
14 v.                                )
                                     )
15 Johnie Lee Nance;                 )
                                     )
16           Appellee.               )
   _____  )

17

18            <u>TABLE OF CONTENTS</u>

19                                                          <u>Page</u>

20 TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

21      I.  Jurisdictional Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

22      II. Statement Of Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

23      III. Standard Of Appellate Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

24      IV. Statement Of The Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

25      V.  Summary Of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

26      VI. Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

27          A. The Debtor's Third Exemption Claim In The Same Assets Is Barred
            . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28          B.  An Exemption Not Claimed Cannot Be Allowed  . . . . . . . . . . . . . . 7

VII. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## TABLE OF AUTHORITIES

Cases                                                                                                        Page

*Greenlaw v. U.S.*, 554 U.S. 237, 243-44; 128 S.Ct. 2559, 171 L.Ed.2nd. 399 (2008) . . .7

*Thompson v. Runnells*, 705 F.3d 1089, 116 (9th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . .7

*Eriline Co., S.A. v. Johnson*, 440 F.3d 648, 654 (4th Cir. 2012). . . . . . . . . . . . . . . . . . . 8

*Sternberg v. Johnston*, 492 Fed.Appx. 724, 725 (9thCir.2012) . . . . . . . . . . . . . . . . . . . 9

*In re Albert*, 988 F.3d 1088, 1091 (9th Cir. 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*In re Bryan*, 466 B.R. 460, 465  (8th Cir. BAP2012) . . . . . . . . . . . . . . . . . . . . . . . . . . .4, 6

*In re Cogliano*, 355 B.R. 792 (9th Cir. BAP 2006).  . . . . . . . . . . . . . . . . . . . . . . . .4, 5, 6

*In re Halvorson*, 2018 WL 6728484, *9 (C.D.Cal.) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Johnson*, 139 B.R. 208, 214 (Bankr.D.Minn.1992) . . . . . . . . . . . . . . . . . . . . . . . .6

*In re Magallanes*, 96 B.R. 253, 256 (9th Cir. BAP 1988) . . . . . . . . . . . . . . . . . . . . . . 4, 6

*In re Northdruft*, 521 B.R. 640, 642 (Bankr.C.D.Il.2014) . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Olshan*, 356 F.3d 1078, 1083 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Statutes

11 U.S.C. §522(d)(1) . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

11 U.S.C. §522(d)(5) . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. §157(b)(2)(B). . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. §158(a)(1) . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1


Other Authority

*Annexation Of The Jury's Role In Res Judicata Disputes: The Silent Migration From Question Of Fact To Question Of Law*, 98 Cornell Law Review 463, 479 (2013) . . . . . . .6

-iii-

**I. Jurisdictional Statement**

Chapter 7 trustee Lawrence J. Warfield appeals a decision of the United States Bankruptcy Court for the District of Arizona. The bankruptcy court denied the trustee's objection to the homestead exemption claimed by the debtor in real property and a recreational vehicle. Determining exemptions is a core matter over which the bankruptcy court had jurisdiction pursuant to 28 U.S.C. §157(b)(2)(B).

The bankruptcy court's ruling was set forth in a final written order signed and docketed on March 20, 2023. This appeal was timely filed on March 21, 2023. This Court has jurisdiction of this appeal pursuant to 28 U.S.C. §158(a)(1).

**II. Statement of Issues Presented**

1. Did the bankruptcy court commit reversible error in overruling the trustee's objection to the debtor's third attempt to exempt the same assets after the debtor's first two attempts had been denied by final orders? Yes, error was committed.

2. Did the bankruptcy court commit reversible error in allowing an exemption that the debtor never claimed? Yes, error was committed.

**III. Standard of Appellate Review**

In this matter, the bankruptcy court ruled as a matter of law since there were no disputed facts. This Court reviews the bankruptcy court's legal determinations *de novo*. *In re Olshan*, 356 F.3d 1078, 1083 (9th Cir. 2004).

**IV. Statement of the Case**

A voluntary Chapter 7 case was commenced in the District of Arizona by debtor Johnie Lee Nance on May 31, 2022. Appellant's Excerpts Of The Record ("AER"), Tab 1, p. 2.

The debtor asserted a homestead exemption under Arizona law in real property at 11689 Hopi Street Welton, AZ (the "land") and in a 2019 Keystone RV (the "RV"). AER, Tab 2, p. 20.

The trustee objected to the debtor's exemption of these assets. AER, Tab 4, pp. 25-27. In particular, the trustee's objection pointed out that the debtor was not entitled to use Arizona exemptions since he had not been in Arizona for the full time period required by the bankruptcy code (730 days).

The debtor then amended his exemptions. This time, he claimed the land and the RV as homestead property exempt under Washington law. AER, Tab 5, p. 29. The debtor did not, however, timely respond to the objection that the trustee had previously filed. As a result, an order was entered denying the Arizona exemptions that the debtor had attempted to claim. AER, Tab 8, p. 40.

The trustee then objected to the new Washington homestead exemptions that the debtor claimed in the land and the RV. AER, Tab 9, pp. 42-56. In particular, the Washington Supreme Court had held that such exemptions were not valid for property located outside the state of Washington. Id.

Once again, the debtor did not timely respond and an order was entered on November 23, 2022 denying this second homestead exemption claimed by the debtor in the land and the RV. AER, Tab 10, p. 58.

The debtor did not appeal or otherwise challenge the second order denying his second attempt to exempt both the land and the RV. Instead, on December 19, 2022, the debtor filed yet a third claim of exemption for the land and the RV. AER, Tab 11, pp. 60-61. This time, the debtor claimed the land and the RV as exempt homestead property under the federal homestead exemption, 11 U.S.C. §522(d)(1). The debtor did not claim any other exemption for the RV other than the federal homestead exemption.

The trustee then filed an objection to the debtor's third attempt to exempt these very same assets as homestead property. AER, Tab 12, pp. 64-68. This time, the trustee pointed out that the debtor was legally precluded from once again

-2-

attempting to exempt these same assets under a different legal theory since his previous exemption claims had been denied by final orders of the bankruptcy court. *Id*.

The debtor responded to the trustee's objection. AER Tab 13. The defense asserted by the debtor was that the bankruptcy court had no authority to deny an amended exemption on equitable grounds. *Id*.

The bankruptcy court overruled the trustee's objection and allowed the third amended homestead exemption. In addition, although the debtor had not claimed any other exemption in the RV, the Court also gratuitously held that the debtor could exempt the RV under the federal wildcard exemption. AER, Tab 16, pp. 107, lns. 9-17; 108, lns. 11-17. A final order overruling the trustee's objection was entered, AER Tab 15, p. 95. This appeal was timely filed.

**V. Summary of the Argument**

The debtor is not permitted to exempt the same assets under different legal theories after his prior exemption claims have been denied by final court orders. Such serial litigation is prohibited in bankruptcy court, just as it is in any other federal court.

Furthermore, the bankruptcy court erred in gratuitously allowing an exemption that the debtor himself never claimed. It is not the province of the bankruptcy court to serve as the debtor's advocate and select for the debtor exemptions that the debtor himself has never claimed.

**VI. Argument**

**A.  The Debtor's Third Exemption Claim In The Same Assets Is Barred**

The debtor filed three different homestead exemption claims in the same two assets, the land and the RV.

-3-

First, he claimed them as exempt homestead assets under Arizona law. The trustee objected and an order sustaining the trustee's objection was entered.

The debtor then claimed a new homestead exemption in these same assets, this time under Washington state law.  Once again, the trustee objected.  And, like the first time, the trustee's objection was sustained and the exemptions in the land and the RV were denied.

Nearly a month after the second homestead exemption was denied, the debtor filed a *third* homestead exemption in the same land and the same RV. This time, the debtor claimed the land and the RV exempt under the federal homestead exemption law.

The law is clear that the debtor may not wait until the trustee has prevailed on an objection to his asserted exemptions and then try a second time, and then a third time, to exempt the same assets in a different fashion.  *In re Bryan*, 466 B.R. 460, 465  (8th Cir. BAP2012);  *In re Magallanes*, 96 B.R. 253, 256 (9th Cir. BAP 1988); *In re Cogliano*, 355 B.R. 792 (9th Cir. BAP 2006).  Yet, that is exactly what this debtor has attempted to do.

In *Bryan*, the debtor attempted to claim new exemptions in the same asset (an annuity) after her prior exemption claims had been denied.  The court held that *res judicata* bars "the relitigation of a claim on grounds that were raised or could have been raised in the prior suit." Id. at 465-66.  Thus, the debtor was not permitted to try, once again, to exempt the same annuity.

In *Magallanes*, the debtor also attempted to exempt the same assets that the bankruptcy court had previously ruled were not exempt.  Like *Bryan*, the court held that *res judicata*, or claim preclusion, bars relitigation of a cause of action that was decided previously in a valid and final judgment between the same parties. *Magallanes*, 96 B.R. at 256.  That bar included "all matters that were our could have

-4-

1    been litigated."  Id.  Thus, the debtor was precluded from once again litigating the

2    exempt character of the same assets.

3            In *Cogliano*, the court also held that claim preclusion includes another

4    action on the same claim even if the particular cause of action has never been

5    litigated.  *Cogliano*, 355 B.R. at 803.  The debtor in  *Cogliano* would have also failed

6    in her effort to once again litigate the estate's claims to her assets except that the court

7    found that the new issue that she was raising (whether the asset was estate property)

8    had to be determined in the context of an adversary proceeding and, absent that, the

9    court had no jurisidction to determine that issue.  Id. at 804 ("Here, however, there

10   is no adversary proceeding and no adversary proceeding judgment that might have

11   claim or issue prelusive effect.").  But, that loophole does not exist in this case.  There

12   is no  claim that these assets are not estate property. No, this is just the assertion of

13   new exemptions based on different legal theories over, and over and over.

14           *Res judicata* does not permit such serial litigation.  If it did, cases before

15   this Court, and cases before the bankruptcy court, would never end.  Defendants and

16   debtors would trot out one defense at a time, and wait for that horse to falter, before

17   bringing forth the next.

18           In his response, the debtor asserted that *res judicata* has been abrogated

19   in the bankruptcy court when it came to exemptions.  It has not.

20           The 9th Circuit rejected this very same argument in *In re Albert*, 988 F.3d

21   1088, 1091 (9th Cir. 2021).  In *Albert*, the debtor argued that the Supreme Court's

22   *Siegel* decision permitted her a second chance to litigate her entitlement to certain

23   exemptions when her case converted from Chapter 13 to Chapter 7.  The 9th Circuit

24   rejected the debtor's argument that *Siegel* abrogated *res judicata*.  The court noted

25   that, "To hold otherwise would not only undermine the finality of exemption orders,

26   but would considerably frustrate the trustee's duty to expeditiously close the debtor's

27

28                                              −5−

estate ....." (citations omitted).  *Id*. at p. 1092.  Thus, the only defense that was raised by the debtor in the defense of his third attempt to exempt the same assets, i.e., abrogation, is not viable.

*Res judicata* is a legal defense (like the statute of limitations or accord and satisfaction) and not an equitable defense, (like laches or unclean hands).  *See, In re Johnson*, 139 B.R. 208, 214 (Bankr.D.Minn.1992); *Annexation Of The Jury's Role In Res Judicata Disputes: The Silent Migration From Question Of Fact To Question Of Law*, 98 Cornell Law Review 463, 479 (2013).   As a result, *Siegel's* limitations on the use of equitable defenses to deny exemptions does not apply here.

In the court's oral ruling, the court did not explain why this case was not controlled by cases like *Albert, Bryan, Magallanes and Cogliano*.  Rather, the court seemed committed to the proposition that exemptions could be amended at any time, even after final orders had been entered. That is contrary to the law.  It is contrary to *Albert*.  *Albert* found it "unsurprising" that the BAP had invoked the preclusion doctrines in cases like *Cogliano* and *Magallanes* to "reject repeatedly claimed exemptions."  *Albert*, 998 F.3d at 1091.  Indeed, while the *Albert* court recognized the liberal rights to amend exemptions, *Id.*, the court was also clear that allowing debtors to amend once exemptions had been denied, and finding that "orders denying exemptions carry no preclusive weight", would allow debtors to "delay matters by claming the same property as exempt time and time again."

That is precisely what is afoot here.  This debtor has tried not once, not twice, but three times to exempt the very same assets using different legal theories. The facts have never changed and the assets have never changed.  The only thing that has changed is the legal theory.  This Court would not allow a plaintiff to file serial lawsuits based on the same set of facts using different legal theories.  The same rule applies in bankruptcy court.

1   The bankruptcy court committed reversible error in allowing this third

2   exemption in the same assets after the first two exemptions had been denied.

3   **B.  An Exemption Not Claimed Cannot Be Allowed**

4   In the court's oral ruling, the court held that the RV could be exempted

5   under the federal wildcard statute, 11 U.S.C. §522(d)(5).   AER, Tab 16, AER, Tab

6   16, pp. 107, lns. 9-17; 108, lns. 11-17.  However, the debtor never asserted any such

7   exemption in any of the exemption claims that he filed with the court.  Compare AER

8   Tabs 2, 5, 11.

9   The debtor never once asserted the federal wildcard exemption that the

10  bankruptcy court allowed in the RV.   Instead, the bankruptcy court identified this

11  exemption *sua sponte*, and then allowed it.  The United States Supreme Court spoke

12  to this sort of judicial advocacy in *Greenlaw v. U.S.*, 554 U.S. 237, 243-44; 128 S.Ct.

13  2559, 171 L.Ed.2nd. 399 (2008):

14  In our adversary system, in both civil and criminal cases,

15  in the first instance and on appeal, we follow the principle

16  of party presentation.  That is, we rely on the parties to

17  frame the issues for decision and assign to courts the role

18  of neutral arbiter of matters the parties present.

19  * * *

20  "[Courts] do not, or should not, sally forth each day

21  looking for wrongs to right. We wait for cases to come to

22  us, and when they do we normally decide only questions

23  presented by the parties.

24

25  Senior Circuit Judge Goodwin of the 9th Circuit Court of Appeals, in his concurring

26  opinion in *Thompson v. Runnells*, 705 F.3d 1089, 116 (9th Cir. 2013), put it this way:

27

28  –7–

The Supreme Court has instructed us that federal judges "have no obligation to act as counsel or paralegal to *pro se* litigants,".... We lose credibility as an impartial arbiter of habeas cases when we discard the "ordinar[]y" rules of "civil litigation" to save governmental parties from their own litigation choices. *Wood,* 132 S.Ct. at 1832. .... Entertaining an argument raised for the first time on a petition for rehearing is no way for a court to handle litigation with any degree of efficiency or regard for fairness to the parties.

* * *

As a practical matter, "we rely on the parties to frame the issues for decision," as "our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief."

In *Eriline Co., S.A. v. Johnson*, 440 F.3d 648, 654 (4th Cir. 2012), the United States District Court for the Western District of North Carolina dismissed the plaintiffs' state law claims *sua sponte*, finding that the statute of limitations had extinguished those claims, much like the bankruptcy court ferreted out, and then allowed, an exemption that the debtor had never claimed. The 4th Circuit reversed. The Court stated: "'The rule that points not argued will not be considered is more than just a prudential rule of convenience; its observance, at least in the vast majority of cases, distinguishes our adversary system from the inquisitorial one.' And because it "erod[es] the principal of party representation so basic to our system of

−8−

adjudication,' the Supreme Court has cautioned that *sua sponte* consideration of the statute of limitations defense should be done sparingly by the trial courts, even in those narrow circumstances where it is authorized." (Citations omitted.) *See also, Sternberg v. Johnston*, 492 Fed.Appx. 724, 725 (9thCir.2012) ("In the adversarial system, the courts act as neutral arbitrators of issues properly raised by parties.")

In this case, there was no basis for the bankruptcy court to "sally forth" to find and allow exemptions for the benefit of the debtor, exemptions that the debtor himself had never claimed. The debtor has legal counsel, and it is the obligation of legal counsel to be the debtor's advocate. The bankruptcy court's selection of an exemption on behalf of the debtor, and then allowing that exemption, exceeded the jurisdiction and authority of the bankruptcy court.

Like any federal court, the bankruptcy court can only decide actual cases and controversies which are brought before the court. *See, In re Halvorson*, 2018 WL 6728484, *9 (C.D.Cal.). Here, no party presented to the bankruptcy court the question of whether this debtor could exempt his RV under the federal wildcard statute. The bankruptcy court's unilateral selection of an exemption, and then allowing the exemption that the court had selected, exceeded the jurisdiction and the authority of the court. Any "suggestion that the court should skip the formalities" and allow an exemption the debtor himself has never claimed must be rejected. *In re Northdruft*, 521 B.R. 640, 642 (Bankr.C.D.Il.2014).

**VII. Conclusion**

The bankruptcy court committed reversible error in allowing the debtor's third exemption in the land and the RV. *Res judicata* barred the debtor from asserting serial exemptions in the same assets based on different legal theories.

The bankruptcy court also committed reversible error in first selecting, and then allowing, an exemption that the debtor himself had never asserted.

–9–

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        Wherefore, the trustee prays that this Court will reverse the decision of
the bankruptcy court and determine that the debtor is not entitled to exempt the land
and the RV.

        DATED April 22, 2023.

                        **_TERRY A. DAKE, LTD._**


                        By  /s/ Terry A. Dake
                          Terry A. Dake
                          P.O. Box 26945
                          Phoenix, Arizona  85068-6945
                          Attorney for Trustee

                              -10-

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2023 I electronically transmitted the foregoing document to the Clerk's  Office using the ECF system for filing, and transmitted a copy of the filed document to the following ECF registrants:

**SHAWN L. STONE**
Stone Law Group, PLC
3030 N 3rd Street, Suite 200
PHOENIX, AZ 85012
602-264-0500
Fax : 602-264-0501
Email: shawn.stone@stonelawaz.com

DATED April 22, 2023.

*TERRY A. DAKE, LTD.*

By  /s/ Terry A. Dake
    Terry A. Dake
    P.O. Box 26945
    Phoenix, Arizona  85068-6945
    Attorney for Trustee

-11-

**Certification Required by Local Bankruptcy Rule 8010-1(b)**

The undersigned certifies that the following parties have an interest in the outcome of this appeal. These representations are made to enable the district judge to evaluate possible disqualification or recusal:

Represented by:      **Lawrence J. Warfield, Trustee**
Terry A. Dake
TERRY A. DAKE, LTD.
P.O. Box 26945
Phoenix, AZ 85068-6945
602-710-1005
tdake@cox.net

Represented by:      **Johnie Lee Nance**
**SHAWN L. STONE**
Stone Law Group, PLC
3030 N 3rd Street, Suite 200
PHOENIX, AZ 85012
602-264-0500
Fax : 602-264-0501
Email: shawn.stone@stonelawaz.com

DATED April 22, 2023.

*TERRY A. DAKE, LTD.*

By /s/ Terry A. Dake
Terry A. Dake
P.O. Box 26945
Phoenix, Arizona  85068-6945
Attorney for Trustee

-12-

1

**Certification Required by Local Bankruptcy Rule 8010-1(c)**

2

The undersigned certifies that the following are known related cases and

3

appeals:      None.

4

DATED April 22, 2023.

5

***TERRY A. DAKE, LTD.***

6

7

By  /s/ Terry A. Dake
Terry A. Dake
P.O. Box 26945
Phoenix, Arizona  85068-6945
Attorney for Trustee

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-13-

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Fed. R. Bankr. P. 8015(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g):

xx this document contains 3195 words, or

O this brief uses a monospaced typeface and contains [state the number of] lines of text.

2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because:

O this document has been prepared in a proportionally spaced typeface using Microsoft Word Version 2016 in Times New Roman, 14-point font, or

xx this brief has been prepared in a monospaced typeface using WordPerfect with Times New Roman typeface and 14-point font.

DATED April 22, 2023.

*TERRY A. DAKE, LTD.*

By  /s/ Terry A. Dake
Terry A. Dake
P.O. Box 26945
Phoenix, Arizona  85068-6945
Attorney for Trustee

-14-